1
2
3
4
5          **IN THE UNITED STATES DISTRICT COURT FOR THE**
6               **EASTERN DISTRICT OF CALIFORNIA**
7

| | |
|---|---|
| IRENE RODRIQUEZ-CARCAMO,       ) | NO. 1:09-CV-02110-AWI-DLB |
| ) | |
| Plaintiff,       ) | ORDER CLOSING THE CASE |
| ) | DUE TO VOLUNTARY |
| v.       ) | DISMISSAL WITHOUT |
| ) | PREJUDICE |
| GMAC MORTGAGE, LLC,       ) | |
| CITIMORTGAGE, INC., MERSCORP,       ) | [Document # 23] |
| INC., and DOES 1 TO 50, inclusive,       ) | |
| ) | |
| Defendants.       ) | |

14

15       On April 8, 2010, Plaintiff filed a request for dismissal of this case without prejudice.
16  This notice is made pursuant to  Federal Rule of Civil Procedure 41(a)(1)(i).

17       In <u>Wilson v. City of San Jose</u>, the Ninth Circuit explained:

18       Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his
19       action prior to service by the defendant of an answer or a motion for summary
         judgment. <u>Concha v. London</u>, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing
20       <u>Hamilton v. Shearson-Lehman American Express</u>, 813 F.2d 1532, 1534 (9th Cir.
         1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of
21       dismissal prior to the defendant's service of an answer or motion for summary
         judgment.  The dismissal is effective on filing and no court order is required.  <u>Id.</u>
22       The plaintiff may dismiss some or all of the defendants, or some or all of his
         claims, through a Rule 41(a)(1) notice.  <u>Id.</u>; <u>Pedrina v. Chun</u>, 987 F.2d 608, 609-
23       10 (9th Cir. 1993).  The filing of a notice of voluntary dismissal with the court
         automatically terminates the action as to the defendants who are the subjects of
24       the notice.  <u>Concha</u>, 62 F.2d at 1506.  Unless otherwise stated, the dismissal is
         ordinarily without prejudice to the plaintiff's right to commence another action for
25       the same cause against the same defendants. <u>Id.</u> (citing <u>McKenzie v. Davenport-</u>
26       <u>Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)).  Such a dismissal
         leaves the parties as though no action had been brought.  <u>Id.</u>
27
28

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiff's complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served.  Because Plaintiff has exercised her right to voluntarily dismiss the complaint under Rule 41(a)(1), this case has terminated.  See Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light of Plaintiff's Rule 41(a)(1)(i) requested dismissal without prejudice.


IT IS SO ORDERED.

**Dated:     April 9, 2010**                           **/s/ Anthony W. Ishii**
                                          CHIEF UNITED STATES DISTRICT JUDGE